**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4124**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORIEAL LAROME HOLMES, a/k/a Cory,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:17-cr-00210-FDW-DSC-1)

Submitted:  May 20, 2021                            Decided:  June 2, 2021

Before GREGORY, Chief Judge, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul A. Tharp, Jillian D. Swords, ARNOLD & SMITH, PLLC, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Corieal Larome Holmes of possession of at least 28 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Holmes to 214 months' imprisonment. On appeal, Holmes challenges the denial of his suppression motion, as well as the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal as to the § 924(c) count. We affirm.

On appeal, Holmes contends that the police violated his Fourth Amendment rights by searching his garbage can without a warrant because the can was within the curtilage of his residence at the time of the searches, and that the subsequent search of his home was unlawful because the affidavit supporting the search warrant failed to provide probable cause for the search. At the outset, we note that the district court found that Holmes failed to file a specific objection to the magistrate judge's report, which recommended denying his motion to suppress, with respect to the probable cause issue. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Fed. R. Crim. P. 59; *see Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (discussing equivalent requirement in civil context); *United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984) (noting that failure to object

2

to magistrate judge's recommendation to deny suppression motion "imperil[led]" right to appellate review).

Although Holmes received proper notice and filed timely objections to the magistrate judge's report and recommendation, he has waived appellate review of the probable cause determination because the objections were not specific to the particularized legal recommendations made by the magistrate judge. *See Martin*, 858 F.3d at 245 (holding that "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)). Further, Holmes waived appellate review of the district court's finding that he failed to file a specific objection as to the probable cause issue by failing to contest it in his opening brief. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (holding that issues are not preserved if they are not raised in opening brief or if that brief "takes [only] a passing shot at the issue" (internal quotation marks and citation omitted)).

Turning to Holmes' argument regarding the searches of his garbage can, when considering a district court's denial of a motion to suppress, we review factual findings for clear error and legal conclusions de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). We "particularly defer to a district court's credibility determinations" and will only "reverse a lower court's finding of fact" if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). Further, we consider the evidence in the light most favorable to

3

the government and "give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted).

"The Supreme Court [has] held . . . that law enforcement may search trash left at the curb without a search warrant," as "people ha[ve] no reasonable expectation of privacy in curbside trash." *United States v. Lyles*, 910 F.3d 787, 792 (4th Cir. 2018) (citing *California v. Greenwood*, 486 U.S. 35, 39-43 (1988)). "Without such an expectation, individuals ha[ve] no Fourth Amendment right to contest trash searches." *Id.* (citing *Greenwood*, 486 U.S. at 40). However, "officers conduct a Fourth Amendment search when they make an unlicensed physical intrusion into a home's curtilage to gather information." *United States v. Jackson*, 728 F.3d 367, 369 (4th Cir. 2013).

Here, Holmes argues that evidence was unlawfully collected from his garbage can because the can was within the curtilage of his residence at the time of the search. We must therefore determine

> (1) whether the district court clearly erred in its factual finding regarding the trash can's location; (2) whether that location was within the [home's] curtilage, so that the officers' actions amounted to an impermissible unlicensed physical intrusion of a constitutionally protected area, . . . and (3) if not, whether [Holmes] nonetheless had a reasonable expectation of privacy in the trash can's contents.

*Id.* at 372 (internal quotation marks and citation omitted).

Initially, we discern no error, clear or otherwise, in the district court's finding that the officers credibly testified that Holmes left his garbage can at the curb for collection when the officers conducted the searches. Next, to determine whether an area qualifies as curtilage, we consider

4

'four factors: [1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by.'

*Id.* at 373 (quoting *United States v. Dunn*, 480 U.S. 294, 301 (1987)). "[T]he centrally relevant consideration" is "whether the area in question is so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." *Jackson*, 728 F.3d at 374 (internal quotation marks omitted). Applying these factors, we conclude that the garbage can was not located within the curtilage of Holmes' residence. Accordingly, because "the Fourth Amendment does not prohibit 'the warrantless search and seizure of garbage left for collection outside the curtilage of a home,'" *id.* at 372 (quoting *Greenwood*, 486 U.S. at 37), the district court properly denied Holmes' suppression motion.

Finally, we review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019). "We will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S.

5

237, 243 (2016) (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

Holmes asserts that there was insufficient evidence from which a rational factfinder could conclude that he possessed a firearm in furtherance of a drug trafficking crime. "[T]o prove the § 924(c) violation, the government was required to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Perry*, 560 F.3d 246, 254 (4th Cir. 2009) (internal quotation marks omitted). "The government may rely on circumstantial evidence and inferences," in addition to direct evidence, so long as it "prove[s] each element of an offense beyond a reasonable doubt." *Rodriguez-Soriano*, 931 F.3d at 286. Further, "we assume that the jury resolved any conflicting evidence in the prosecution's favor." *Savage*, 885 F.3d at 219 (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the Government adduced sufficient evidence from which a rational jury could conclude that Holmes unlawfully possessed at least one firearm in furtherance of a drug trafficking crime.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*